UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BEVELYN BEATTY WILLIAMS and<br>EDMEE CHAVANNES,<br><br>Defendants. | **Protective Order**<br>22 Cr. 684 (JLR) |

Upon the application of the United States of America, DAMIAN WILLIAMS, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Emily A. Johnson and Mitzi Steiner, of counsel, for an order precluding the dissemination of material produced pursuant to 18 U.S.C. § 3500 and/or *Giglio* v. *United States*, 405 U.S. 150 (1972), and the Government's general disclosure obligations or practices, relating to (1) witnesses the Government anticipates may be called to testify at trial, and (2) individuals the Government does not anticipate calling at trial (collectively, the "3500 Material"), made on consent, and based on the Court's independent review, it is hereby

ORDERED that (1) defense counsel must destroy or return to the Government all 3500 Material (and any copies thereof) at the conclusion of the trial of this matter or when any appeal has become final; (2) the defense is precluded from disseminating any of the 3500 Material (and any copies thereof) to anyone beyond the defendants, defense counsel, and any paralegal or staff employed by the defense; (3) the defendants may not disseminate the 3500 Material to any other individual, nor post any 3500 Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access,

and shall not disclose any 3500 Material to the media; (4) any 3500 Material designated "ATTORNEY'S POSSESSION ONLY" ("APO") shall be maintained in a safe and secure manner solely by defense counsel and shall not be possessed by the defendant, except in the presence of the defendant's counsel; and (5) any 3500 Material designated "ATTORNEY'S EYES ONLY" ("AEO") shall not be disseminated to the defendants or anyone else beyond defense counsel and any paralegal or staff employed by the defense, nor shall the names of witnesses reflected in such material be disclosed to the defendants.  Further, in the event the defendants were to be remanded, the defendants are precluded from taking any 3500 Material (or any copies thereof) with them into any jail facility, or possessing any 3500 Material or copies thereof in any jail facility; except that while in a jail facility the defendants may review the 3500 Material, in the possession of defense counsel and/or any paralegal or staff employed by the defense, when in the presence of defense counsel or any paralegal or staff employed by the defense;

FURTHER ORDERED that if counsel for the defendants determines that the information provided is material and relevant to the investigation and defense of their client and requires counsel to share the information subject to this protective order with their client, counsel for the defendants reserves the right, on notice to the Government, to seek permission from the Court to do so.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by: _____          Date:  January 28, 2024
    Emily A. Johnson
    Mitzi Steiner
    Assistant United States Attorneys

_____            Date:  1/29/2024
    Calvin Scholar, Esq.
    Counsel for Bevelyn Beatty Williams

_____            Date:  January 29, 2024
    Aaron Mysliwiec, Esq.
    Counsel for Edmee Chavannes

SO ORDERED:

Dated:  New York, New York
         January <u>29</u>, 2024

                                          _____
                                          THE HONORABLE JENNIFER L. ROCHON
                                          UNITED STATES DISTRICT JUDGE