UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

BEVELYN BEATTY WILLIAMS,
EDMEE CHAVANNES,

                              Defendants.

22-cr-00684-JLR

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

     This Court having held a jury trial from February 12, 2024 to February 22, 2024, IT IS HEREBY ORDRED that the attached Court Exhibits be filed on the docket.

- Court Exhibit 1: Draft *Voir Dire* Questionnaire.

- Court Exhibit 2: Preliminary Jury Instructions.

- Court Exhibit 3: Final *Voir Dire* Questionnaire.

- Court Exhibit 4: Draft Jury Charge.

- Court Exhibit 5: Draft Court Verdict Form.

- Court Exhibit 6: Final Jury Charge.

- Court Exhibit 7: Jury Note.

- Court Exhibit 8: Jury Note.

- Court Exhibit 9: Court Note to Jurors.

- Court Exhibit 10: Jury Note.

- Court Exhibit 11: Jury Note

- Court Exhibit 12: Video Player Instructions.

- Court Exhibit 13: Redacted Signed Verdict Form.

Dated: February 23, 2024
     New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BEVELYN BEATTY WILLIAMS AND EDMEE CHAVANNES, <br><br> <div align="right">Defendants.</div> | Case No. 22 cr. 684 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

<div align="center">

**QUESTIONS FOR JURORS**

</div>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire.</u> The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A. <u>General Questions</u>**

1.   This trial is expected to last until approximately February 23. Do you have any commitments that would make it impossible for you to serve as a juror at a trial that is expected to end by next Friday?

2.   Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

3.   In a criminal case like this one, the burden of proof at all times remains with the prosecution. It never shifts to the defendant. For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the particular count you are considering. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would you have difficulty accepting this legal principle and applying this rule of law?

4.   When it comes to the law, as opposed to the facts, you must take your instructions as to the law from me, even if you disagree with my explanation of the law. Would you have difficulty following my instructions as to the law?

5.   If you are selected as a juror, you are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and the rules of law that

I will give to you, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would you have difficulty accepting and applying this rule of law?

6. Under the law, the question of punishment, if any, is for me to decide, and the issue of possible punishment may not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt.  Would you have any difficulty accepting and following that rule of law?

7. A defendant in a criminal case has the right to testify and the right not to testify.  If a defendant does not testify, you may not draw any inference against her based on that decision.  The fact that a defendant chooses not to testify may not enter into your deliberation in any way.  Would you have difficulty accepting this legal principle and following that rule of law?

8. If any of the witnesses at this trial are law enforcement officers, I instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully.  The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government.  Would you have difficulty accepting and applying this rule of law?

9. Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

10. Do you have any ideas, beliefs, or prejudices that would make it difficult for you to follow my instructions as to the law?

11. Do you have any religious, philosophical, or ethical beliefs that would prevent you from passing judgment on someone?

12. Do any of you have any opinion about the enforcement of laws that would prevent you from being fair and impartial in this case?

13. Do you believe that if the law and evidence established the guilt of the defendant beyond a reasonable doubt, you would be reluctant to render a verdict of guilty in this case?

14. Do you believe that if the government failed to prove the defendant's guilt beyond a reasonable doubt, you would be reluctant to render a verdict of not guilty in this case?

## B. Knowledge of People or Places

15. The defendants in this case are BEVELYN BEATTY WILLIAMS and EDMEE CHAVANNES. Do you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend or associate of the defendants?

16. To your knowledge, do any of your relatives, friends, associates, or employers know either of the defendants?

17. Ms. Williams is represented by Calvin Scholar. Do you know Mr. Scholar? Have you had any dealings with him or individuals in his office?

18. Ms. Chavannes is represented by Aaron Mysliviec. Mr. Mysliviec is assisted by paralegal Nina Eyres. Do you know Mr. Mysliviec or Ms. Eyres? Have you had any dealings with them or individuals in their office?

19. The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jamie Bagliebter, Emily A. Johnson, and Mitzi Steiner. They will be assisted by a paralegal specialist in the U.S. Attorney's Office, Isabel Loftus, and Special Agent Rasul Chew of the Federal Bureau of Investigation. Do you know Mr. Williams, Ms. Bagliebter, Ms. Johnson, Ms. Steiner, Ms. Loftus, or Special Agent Chew? To your knowledge, have you, your family members, or your close friends had any dealings with them?

20. Do you have any personal knowledge of the charges contained in the indictment as I have described them?

21. Have you read or heard anything about this case through the media, the Internet, or any other source?

22. The following individuals, entities, or locations may be mentioned during the trial, or may be witnesses in this case:

   a.  [INSERT NAMES, ENTITIES, AND LOCATIONS]

   Do you know any of these individuals, entities, or places? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C.  Personal Experiences and Opinions

23.   Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

24.   Have you, or has anyone close to you, ever worked in law enforcement, criminal defense, or private investigation?

25.   Do you, or has anyone close to you, have any affiliation – professional, business, or social, direct or indirect – with any member of the United States Attorney's office in the Southern District of New York or the Federal Bureau of Investigation  (FBI)?

26.   Have you ever served as a member of a grand jury?

27.   Have you ever served as a juror in any court?

28.   Have you or any member of your family ever been employed by the city, state or federal government?

29.   Have you or any member of your family ever been a witness or a complainant in any prosecution, state or federal?

30.   Have you or has any member of your family ever been under subpoena or been close to being subpoenaed in any criminal case?

31.   Have you or has any member of your family ever been the subject of an investigation or accusation by a grand jury, either federal or state, or by a Congressional committee?

32.   Have you or has any member of your family ever been involved or appeared as a witness in any investigation by a federal or state grand jury, a Congressional or state legislative committee, a licensing authority or a government agency?

33.   Have you or anyone close to you ever been arrested or charged with a crime?

34.   Have you or has any member of your family ever been the victim of a serious crime?

35.   This matter involves the delivery of reproductive health care services – including abortion.  Do you have any personal, political, moral or religious opinions or beliefs regarding the issue of reproductive health care that would make it difficult for you to serve on this jury and decide this case based solely on the facts and law presented at trial?

36.   Do you, a family member, or a close friend belong to any group or organization or do you contribute money to any group or organization that advocates regarding any aspect of reproductive health care?

37. Have you, a family member, or a close friend ever participated in any protest, march or rally regarding reproductive health care?

**D. Difficulties in Understanding or Serving**

38. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

39. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

40. Do you have any difficulty in reading or understanding English?

41. Is there anything that I have not asked you about that would make you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.  Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

Court Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

BEVELYN BEATTY WILLIAMS AND
EDMEE CHAVANNES,

                              Defendants.

---

Case No. 22 cr. 684 (JLR)

JENNIFER L. ROCHON, United States District Judge:

### **PRELIMINARY JURY INSTRUCTIONS**

**1.  Role of Judge and Jury**

    **A.**  Now that you have been sworn, let me give you some instructions about your duties as jurors.  In the American system of justice, the judge and the jury have separate roles.

    **B.**  My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **must** take your instructions on the law from the Court – that is, from me – and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

    **C.**  Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

    **D.**  Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determinations or ultimate verdict here.  Those decisions are for you.  I will focus on the law.

    **E.**  At the conclusion of the case, your job will be to enter a verdict of guilty or not guilty on the counts presented to you here, according to my instructions on the law.

**2. Preliminary Legal Instructions**

**A.** Let me preview for you a few instructions now so that you can keep them in mind as you hear the evidence.  I mentioned these, and others, earlier, so bear with me as I just reinforce a few items before we begin.

**B.** The charges here are contained in an indictment.  An indictment was voted on by a grand jury and is simply the way that the government brings people into court to respond to the charges that the government wishes to bring.

**C.** The indictment, again, is not evidence of guilt.  It does not change in any way the presumption of innocence that the law gives to the defendant.

**D.** Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. In other words, when you consider whether the Government has met its burden of proof, you must consider each count of the Indictment separately.

**E.** The burden of proof at all times remains with the prosecution.  It never shifts to the defendant.  For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.

**F.** Now, if, after careful consideration of all the evidence presented during the trial and following the rules of law that I will give you, you have a reasonable doubt as to the defendant's guilt, you must acquit the defendant, that is, find the defendant not guilty.  On the other hand, if, after careful consideration of all the evidence presented and following the rules of law that I will explain to you, you have no reasonable doubt as to the defendant's guilt, you must convict the defendant.  That is, find the defendant guilty.

**G.** A defendant in a criminal case has the right to testify and the right not to testify.  If a defendant does not testify, you may not draw any inference against her based on that decision.  The fact that a defendant chooses not to testify may not enter into your deliberation in any way.

**H.** The function of the jury is to decide all the issues of fact.  You, who will be selected as jurors in this case, will be the sole and exclusive judges of the facts.  And nothing I say

and nothing the lawyers say can interfere in any way with the decisions you make about the facts in this case.

**I.** You must, however, render your decisions about facts without bias or prejudice, without sympathy or suspicion for or against any party.

**J.** Now, when it comes to the law, as opposed to the facts, you must take your instructions as to the law from me. You may not substitute your own views of what the law is or should be. At the conclusion of the case, your job will be to determine whether the government has proven the defendant guilty beyond a reasonable doubt of the charges in the indictment according to my instructions as to the law.

**K.** The question of punishment is for the Court, or me, alone, and the issue of possible punishment may not enter into your deliberations at all as to whether the defendant has been proven guilty beyond a reasonable doubt. The jury must simply decide whether the government has carried its burden of proof, that is, proving the defendant guilty beyond a reasonable doubt.

**L.** If any of the witnesses at this trial are law enforcement officers, I want to instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully. The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government.

**M.** Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.

## 3.  Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** The first step in the trial is that the government and defense counsel have an opportunity to make opening statements to you. Opening statements of counsel are not evidence, but they are a very important part of the case, because it is the opportunity for the attorneys to preview for you what they expect the evidence will show. So it's helpful to put everything in context.

**C.** After opening statements, the government calls its witnesses. It asks questions of those witnesses. That's called direct examination. And then defense counsel has an

opportunity, if they would like, to ask questions.  That's called cross-examination.
And that continues – direct and cross, redirect, recross – until a witness's testimony is
over.

**D.** When the government has called all its witnesses and offered all its evidence, then the
defendant has an opportunity to present evidence, but remember, the burden rests only
on the government to prove the defendant guilty beyond a reasonable doubt. Therefore,
the defendant has no obligation to present any evidence, but the defendant has an
opportunity to do so if the defendant would like to.

**E.** From time to time during the trial it may become necessary for me to talk with the
lawyers outside of earshot of the jury, either by having a conference at the bench when
the jury is present in the courtroom – what we call a "sidebar" – or by calling a recess.
Please understand that while you are waiting, we are working.  The purpose of any
conference outside your presence is not to keep relevant information from you, but to
decide certain procedural issues or how certain evidence is to be treated under the rules
of evidence and to avoid confusion and error.

**F.** After the presentation of evidence is completed, there will be closing arguments by
counsel to summarize the evidence.  Just as the lawyers' opening statements are not
evidence, their closing arguments are not evidence either.

**G.** Following closing arguments, I will instruct you on the law.  Then you will retire to
deliberate on your verdict, which must be unanimous, and must be based on the
evidence presented at trial.

## 4.    What Is and Isn't Evidence

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses,
documents and other things admitted as evidence, or any stipulations agreed to by the
attorneys.  Some of you probably have heard the terms "circumstantial evidence" and
"direct evidence."  Do not be concerned with these terms.  You are to consider all the
evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a
list of what is not evidence:

    **i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are
any statements that I may make.  And, as I said a moment ago, opening and
closing statements by counsel are not evidence.

4

  **ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

  **iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

  **iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**C.** [IF DEMONSTRATIVES WILL BE USED:]  You may or may not be shown by the attorneys charts, schedules, or summaries in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are called demonstratives.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts, schedules, or summaries than you would give to the evidence upon which they are based.

  **i.** It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

**5.** **Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses – that is, how truthful and believable they are.  There is no formula for evaluating evidence.

  **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case:

    **a.**  Did they appear to be telling the truth?

    **b.**  Did they have a motive to tell you the truth or to lie?

    **c.**  Did they appear to have a good recollection of the events they're describing?

   **ii.**  Any test that you apply normally in making assessments of reliability and credibility, you can use here.  Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.**  The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.**  It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.**  As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different.  In other words, there may be another side to any witness's story.

**E.**  You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**6.**   **Rules of Conduct**

**A.**  Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

   **i.**  <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case until the end of the case when you go to the jury room to decide on your verdict.  Why do we have that rule?  We have that rule because we know it's human nature that if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each

other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.

ii.   <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter/X, blogs, or whatever.  You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

iii.   <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

   a.   To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  Do not wander around the Courthouse.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

iv.   <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather or review any information on your own relating to the case.  This means:

   a.   Do <u>not</u> engage in any outside reading on this case.

   b.   Do <u>not</u> attempt to visit any places mentioned in the case.

   c.   Do <u>not</u> use the Internet — Google, Facebook, Twitter/X, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, defendants, witnesses, or me.

    **d.** If any media reports come out about this case, do <u>not</u> read, watch, or listen to them – including any coverage on social media sites like Facebook, Twitter/X, or Instagram.

    **e.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

    **f.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

  **v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

  **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial.  If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 7.  Notetaking

**A.** <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.  If you do take notes, consider whether note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please put your juror number on the first page of the pad and not the cover, so that we can be sure that only you will be making and reviewing the notes that are written in your pad (and we can use the unused pages in the pads again).

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations.  The fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations.  A transcript will be available to all jurors if there is any difficulty remembering the testimony.

**C.** If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 8.  Final Instructions

**A.**  From this point until the time when you retire to deliberate, it is your duty not to
discuss this case, and not to remain in the presence of other persons who may be
discussing this case.  In that regard, please remember that the parties and counsel in
this case have been instructed to have no contact with any of you.  So if you happen to
see any of them outside this courtroom, and they do not acknowledge you, say hello, or
make small talk, please do not take offense.  As I mentioned earlier, they are not being
rude – they are simply following my instructions.

**B.**  Let us now proceed with opening statements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BEVELYN BEATTY WILLIAMS AND<br>EDMEE CHAVANNES,<br><br>                        Defendants. | Case No. 22 cr. 684 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

<div align="center">

**QUESTIONS FOR JURORS**

</div>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  Do not write your name or make any other marks on the questionnaire.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A.  General Questions**

1.  This trial is expected to last until approximately February 23.  Do you have any commitments that would make it impossible for you to serve as a juror at a trial that is expected to end by next Friday?

2.  Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

3.  In a criminal case like this one, the burden of proof at all times remains with the prosecution.  It never shifts to the defendant.  For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the particular count you are considering.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would you have difficulty accepting this legal principle and applying this rule of law?

4.  When it comes to the law, as opposed to the facts, you must take your instructions as to the law from me, even if you disagree with my explanation of the law.  Would you have difficulty following my instructions as to the law?

5.  If you are selected as a juror, you are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and the rules of law that

I will give to you, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would you have difficulty accepting and applying this rule of law?

6.   Under the law, the question of punishment, if any, is for me to decide, and the issue of possible punishment may not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt.  Would you have any difficulty accepting and following that rule of law?

7.   A defendant in a criminal case has the right to testify and the right not to testify.  If a defendant does not testify, you may not draw any inference against her based on that decision.  The fact that a defendant chooses not to testify may not enter into your deliberation in any way.  Would you have difficulty accepting this legal principle and following that rule of law?

8.   If any of the witnesses at this trial are law enforcement officers, I instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully.  The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government.  Would you have difficulty accepting and applying this rule of law?

9.   Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

10.   Do you have any ideas, beliefs, or prejudices that would make it difficult for you to follow my instructions as to the law?

11.   Do you have any religious, philosophical, or ethical beliefs that would prevent you from passing judgment on someone?

12.   Do any of you have any opinion about the enforcement of laws that would prevent you from being fair and impartial in this case?

13.   Do you believe that if the law and evidence established the guilt of the defendant beyond a reasonable doubt, you would be reluctant to render a verdict of guilty in this case?

14.   Do you believe that if the government failed to prove the defendant's guilt beyond a reasonable doubt, you would be reluctant to render a verdict of not guilty in this case?

## B.  Knowledge of People or Places

15.  The defendants in this case are BEVELYN BEATTY WILLIAMS and EDMEE CHAVANNES. Do you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend or associate of the defendants?

16.  To your knowledge, do any of your relatives, friends, associates, or employers know either of the defendants?

17.  Ms. Williams is represented by Calvin Scholar.  Do you know Mr. Scholar?  Have you had any dealings with him or individuals in his office?

18.  Ms. Chavannes is represented by Aaron Mysliwiec.  Mr. Mysliwiec is assisted by paralegal Nina Eyres.  Do you know Mr. Mysliwiec or Ms. Eyres?  Have you had any dealings with them or individuals in their office?

19.  The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Emily A. Johnson and Mitzi Steiner.  They will be assisted by a paralegal specialist in the U.S. Attorney's Office, Isabel Loftus, and Special Agent Rasul Chew of the Federal Bureau of Investigation.  Do you know Mr. Williams, Ms. Johnson, Ms. Steiner, Ms. Loftus, or Special Agent Chew?  To your knowledge, have you, your family members, or your close friends had any dealings with them?

20.  Do you have any personal knowledge of the charges contained in the indictment as I have described them?

21.  Have you read or heard anything about this case through the media, the Internet, or any other source?

22.  Do you know any other individuals who are present here in Court as part of the venire, or panel of prospective jurors?

23.  The following individuals, entities, or locations may be mentioned during the trial, or may be witnesses in this case:

   (a) At the Well Ministries

   (b) Ronald Lyman

   (c) Adrienne Verrilli

   (d) Lauren Betters

   (e) Chenelle Duran

(f)  Dr. Tarsha Elliott

(g)  Christopher Clark

(h)  Dr. Stacy De-Lin

(i)  Ananya Sankar

(j)  Ricky Castor

(k)  Pearl Corbin

(l)  Jisette Duran

(m) Chantel Duran

(n)  James Elliot

(o)  Marsha Elliot

(p)  Mirlande Germain

(q)  Theresa Mercedes

(r)  Mayra Morales

(s)  Shirley Ochieng

(t)  Ken Scott

(u)  Flip Benham

(v)  Jackie Johnson

(w) Chrystal Millender

(x)  Sean Townsel

(y)  Planned Parenthood of Greater New York

(z)  Planned Parenthood Manhattan Health Center at 26 Bleeker Street

(aa)  Planned Parenthood of Southwest and Central Florida

(bb)  Planned Parenthood of Tennessee and North Mississippi

(cc)  Planned Parenthood Federation of America

(dd)  Atlanta Women's Center

(ee)  Operation Save America

(ff) Operation Rescue

Do you know any of these individuals, entities, or places?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C.  Personal Experiences and Opinions

24.  Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

25.  Have you, or has anyone close to you, ever worked in law enforcement, criminal defense, or private investigation?

26.  Do you, or has anyone close to you, have any affiliation – professional, business, or social, direct or indirect – with any member of the United States Attorney's office in the Southern District of New York or the Federal Bureau of Investigation (FBI)?

27.  Have you ever served as a member of a grand jury?

28.  Have you ever served as a juror in any court?

29.  Have you or any member of your family ever been employed by the city, state or federal government?

30.  Have you or any member of your family ever been a witness or a complainant in any prosecution, state or federal?

31.  Have you or has any member of your family ever been under subpoena or been close to being subpoenaed in any criminal case?

32.  Have you or has any member of your family ever been the subject of an investigation or accusation by a grand jury, either federal or state, or by a Congressional committee?

33.  Have you or has any member of your family ever been involved or appeared as a witness in any investigation by a federal or state grand jury, a Congressional or state legislative committee, a licensing authority or a government agency?

34.  Have you or anyone close to you ever been arrested or charged with a crime?

35.  Have you or has any member of your family ever been the victim of a crime?

36.  This matter involves the delivery of reproductive health care services – including abortion.  Do you have any personal, political, moral or religious opinions or beliefs regarding the issue of reproductive health care that would make it difficult for you to

serve on this jury and decide this case based solely on the facts and law presented at trial?

37. Do you, a family member, or a close friend belong to any group or organization or do you contribute money to any group or organization that advocates regarding any aspect of reproductive health care?

38. Have you, a family member, or a close friend ever participated in any protest, march or rally regarding reproductive health care?

**D. Difficulties in Understanding or Serving**

39. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

40. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

41. Do you have any difficulty in reading or understanding English?

42. Is there anything that I have not asked you about that would make you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 3**

<u>Questions for Individual Jurors</u>

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5. Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BEVELYN BEATTY WILLIAMS AND<br>EDMEE CHAVANNES,<br><br>Defendants. | Case No. 22 cr. 684 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

**<u>JURY INSTRUCTIONS</u>**

**TABLE OF CONTENTS**

I.     GENERAL INSTRUCTIONS ...................................................................... 1

    A.     Introductory Remarks ................................................................... 1

    B.     Role of the Court ........................................................................... 1

    C.     Role of the Jury ............................................................................ 2

    D.     Role of Counsel ............................................................................ 2

    E.     The Government as a Party ........................................................... 3

    F.     Improper Considerations: Race, Religion, National Origin, Sex or Age ............... 4

    G.     Sympathy ...................................................................................... 4

    H.     Indictment is Not Evidence ......................................................... 5

    I.     Presumption of Innocence and Burden of Proof ......................... 5

    J.     Reasonable Doubt ........................................................................ 5

    K.     What Is and Is Not Evidence ....................................................... 6

    L.     Evidence Obtained Pursuant to Searches .................................... 8

    M.     Particular Investigative Techniques Not Required [determine if applicable] ......... 8

    N.     Direct and Circumstantial Evidence ............................................ 9

    O.     Witness Credibility .................................................................... 10

    P.     Defendants' Right not to Testify or [Testimony of Defendants] .......................... 12

    Q.     Law Enforcement and Witnesses ............................................... 13

    R.     Uncalled Witnesses – Equally Available [decide if applicable] ........................... 13

    S.     Persons Not on Trial .................................................................. 13

    T.     Punishment is Not to be Considered by the Jury ....................... 14

    U.     Preparation of Witnesses ........................................................... 14

    V.     Stipulations ................................................................................ 15

II.    INSTRUCTIONS ON THE CHARGES AGAINST THE DEFENDANTS .................. 15

    A.     The Indictment ........................................................................... 15

    B.     Conspiracy and Substantive Counts Overview .......................... 16

    C.     COUNT TWO AND COUNT THREE – Clinic Access Obstruction Statute ...... 18

    D.     COUNT TWO: Clinic Access Obstruction – Elements (WILLIAMS) ................ 18

        1.    First Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ............................................................... 19

        2.    Second Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ............................................ 20

        3.    Third Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ............................................ 21

4.    Fourth Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ........................................................................ 22

E.    COUNT THREE: Clinic Access Obstruction (CHAVANNES) ......................... 23

F.    Aiding and Abetting................................................................................ 24

G.    Attempt ................................................................................................... 26

H.    COUNT ONE: Conspiracy – Elements (WILLIAMS AND CHAVANNES) ..... 27

1.    First Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)................................................................. 28

2.    Second Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)................................................................. 30

3.    Third Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)................................................................. 32

4.    COUNT ONE – Liability for Acts and Declarations of Coconspirators .. 34

I.    Venue ......................................................................................................... 35

III.    DELIBERATIONS OF THE JURY ........................................................................ 36

A.    Selection and Duties of Foreperson ......................................................... 36

B.    Duty to Deliberate; Unanimous Verdict ................................................... 36

C.    Right to See Exhibits and Hear Testimony; Communication with the Court....... 38

D.    Notes ......................................................................................................... 39

E.    Verdict Form ............................................................................................. 39

F.    Return of Verdict ...................................................................................... 40

IV.    CONCLUSION ....................................................................................................... 40

# I.   GENERAL INSTRUCTIONS

## A.   Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issues of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charges against the defendants.  Third, I'll give you some final instructions about procedures and deliberations.

## B.   Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.      Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law.  Do not speculate or rely on matters not in evidence or outside of the case.

### D.      Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an

objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing at what are called "side bars."  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to each defendant, who is charged with a crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

### F.        Improper Considerations: Race, Religion, National Origin, Sex or Age

In reaching decision as to whether the government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about a defendant's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.  The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be equally improper for you to allow any personal feelings or views you might have about the nature of the crime charged to interfere with your decision-making process.  You should also not permit your personal religious or political beliefs, if any, to impact your decision in this case in any way.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

### G.        Sympathy

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendants beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendants are guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge

you.  It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.     Indictment is Not Evidence

The defendants are charged with various crimes about which I will instruct you shortly. Each charge is called a "count."  I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.

### I.     Presumption of Innocence and Burden of Proof

Each defendant has pleaded not guilty to the charges in the indictment.  To convict a defendant, the burden is on the prosecution to prove that defendant's guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

### J.     Reasonable Doubt

Since, in order to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt?

The words almost define themselves.  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against her, you must find the defendant not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against the defendant, you should find the defendant guilty of that charge.

### K.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

The government has presented demonstrative exhibits in the form of transcripts of some of the videos presented.  These transcripts were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the admitted videos upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these transcripts than you would give to the evidence upon which they are based.

It is for you to decide whether the transcripts correctly present the information contained in the testimony on which they are based.  You are entitled to consider the transcripts if you find that they are of assistance to you in analyzing and understanding the evidence.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summary of a witness's testimony as evidence.  It is the witnesses' answers to those

questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### L.       Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the defendants' guilt beyond a reasonable doubt.

### M.       Particular Investigative Techniques Not Required [determine if applicable]

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that the law enforcement investigate crimes in a particular way or that the government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendants has been proven beyond a reasonable doubt.

### N.    Direct and Circumstantial Evidence

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as

what a person was thinking or intending – are not as easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendants beyond a reasonable doubt before you may convict.

**O.    Witness Credibility**

It must be clear to you by now that the government and the defendants are asking you to draw very different conclusions about various factual issues in the case.  Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendants that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. [DETERMINE IF THIS SHOULD BE ADDED -- In a case in which the defendant does not testify, add: Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.]  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial,

then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

**P.      Defendants' Right not to Testify or [Testimony of Defendants]**

The defendant(s), [Bevelyn Beatty Williams / Edmee Chavannes], did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that she is innocent.

You must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

OR

[In a criminal case, the defendant cannot be required to testify, but, if a defendant chooses to testify, the defendant is, of course, permitted to take the witness stand on the defendant's own behalf. In this case, defendant(s) [Bevelyn Beatty Williams and/or Edmee Chavannes] decided to testify. You should examine and evaluate the testimony just as you would the testimony of any witness.]

12

**Q.     Law Enforcement and Witnesses**

You have heard the testimony from law enforcement witnesses.  The fact that a witness may be employed by a federal, state, or city government does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony the weight you find it deserves.

**R.     Uncalled Witnesses – Equally Available [decide if applicable]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**S.     Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial from the fact that any person in addition to the defendants is not on trial here.

13

You also may not speculate as to the reasons why other persons are not on trial. These matters are wholly outside your concern and have no bearing on your functions as jurors.

**T.      Punishment is Not to be Considered by the Jury**

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants, if the defendants are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

**U.      Preparation of Witnesses**

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them here. In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

14

### V.    Stipulations

In this case you have heard evidence in the form of stipulations.  A stipulation of

fact is an agreement between the parties that a certain fact is true.  You must regard such agreed

upon facts as true.

You have also heard evidence in the form of stipulations of testimony.  A stipulation of

testimony is an agreement between the parties that, if called as a witness, a person would have

given certain testimony.  You must accept as true the fact that the witness would have given that

testimony.  However, it is for you to determine the effect to be given to that testimony.

## II.    INSTRUCTIONS ON THE CHARGES AGAINST THE DEFENDANTS

I will turn now to my instructions on the law to be applied to this case with respect to the

particular charges brought against the defendants.

### A.    The Indictment

The defendants, BEVELYN BEATTY WILLIAMS and EDMEE CHAVANNES, have

been formally charged in what is called an Indictment.  You have heard reference to Bevelyn

Beatty during the trial; the parties stipulate or agree that Bevelyn Beatty is defendant Bevelyn

Beatty Williams.  An Indictment is simply an accusation.  It is no more than the means by which

a criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  It creates no

presumption, and it permits no inference that a defendant is guilty.  You are to give no weight to

the fact that an Indictment has been returned against the defendants.

The Indictment in this case contains three counts.

Count One of the Indictment charges both Williams and Chavannes

with conspiring to use unlawful means—including force, threats of force, and physical

obstruction—to injure, intimidate and interfere with individuals seeking to obtain lawful

15

reproductive health services and individuals providing such services, from at least in or about

2019, up to and including at least in or about 2022, in violation of Title 18, United States Code,

Section 371.

Count Two of the Indictment charges Williams with, on or about June 19, 2020 and June

20, 2020, using force, threats of force, and physical obstruction to injure, intimidate and interfere

with individuals seeking to obtain lawful reproductive health services and individuals providing

such services at a Planned Parenthood in Manhattan, New York, which I will refer to as the

"Manhattan Planned Parenthood."

Count Three of the Indictment charges Chavannes with, on or about June 19, 2020 and

June 20, 2020, using threats of force and physical obstruction to injure, intimidate and interfere

with individuals seeking to obtain lawful reproductive health services and individuals providing

such services at the Manhattan Planned Parenthood.

You must consider each count and each defendant separately, and you must return a

separate verdict of guilty or not guilty for each count and for each defendant.  Whether you find

a defendant guilty or not guilty as to one offense should not affect your verdict as to any other

offense charged.

The Indictment in this case refers to various dates.  The government is not required to

prove that the conduct took place on the precise dates alleged in the Indictment.  The law only

requires a substantial similarity between the dates alleged in the Indictment and the dates

established by the evidence.

### B.    Conspiracy and Substantive Counts Overview

As I have told you, Count One charges Williams and Chavannes with the crime of

conspiracy.  The other counts—Counts Two and Three—charge what we call substantive crimes.

The crime of conspiracy is different from a substantive crime.  A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish some unlawful objective.  The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement.  A substantive count, on the other hand, charges a defendant with the actual commission or attempted commission, or with causing someone else to engage in certain actions necessary for the actual commission, of an offense.  A substantive offense therefore can be committed by a single person.  It need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an objective of a conspiracy.  And since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime that was the objective of the conspiracy was ever actually committed.  In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not established or accomplished. Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.  By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

For the sake of convenience, in organizing my instructions to you, we will turn first to the substantive charges in the Indictment and then I will instruct you on Count One, which is the conspiracy count.

**C.      COUNT TWO AND COUNT THREE – Clinic Access Obstruction Statute**

The Indictment charges Williams and Chavannes with violating the Freedom of Access to

Clinic Entrances (FACE), in violation of Title 18, United States Code, Sections 248(a)(1). That

section provides:

> Whoever—
>
>> (1) By force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of person from, obtaining or providing reproductive health services [is guilty of a crime].

18 U.S.C. § 248(a)(1).

**D.      COUNT TWO: Clinic Access Obstruction – Elements (WILLIAMS)**

The Court will first instruct you with respect to **Count Two**, a charge that has been

brought against Williams.

In order to prove Williams guilty of Count Two of the Indictment, the government must

establish the following four elements beyond a reasonable doubt:

<u>First</u>, that Williams used force, threat of force, or physical obstruction as alleged in the

Indictment;

<u>Second</u>, that Williams intentionally injured, intimidated, or interfered with patients or

employees of the Manhattan Planned Parenthood, or attempted to do so; and

<u>Third</u>, that Williams acted as she did because the employees of the Manhattan Planned

Parenthood were and had been providing reproductive health services or the patients were and

had been obtaining reproductive health services.

<u>Fourth</u>, that Williams's conduct resulted in bodily injury.

1.     **First Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)**

The first element the government must establish beyond a reasonable doubt is that on the date set forth in the Indictment, the defendant used force, threats of force, or physical obstruction.

The term "force" includes the exercise and application of physical power, violence or pressure directed at a person or thing.  Force in this context is not limited to violence or assaultive force, and there is no exception for fleeting or *de minimis* contact.

The term "threat of force" means precisely what the term implies—namely, threat, by either words or gestures, to inflict some harm.  Nonverbal conduct may communicate a threat. While "force" requires some physical manifestation of violence, a "threat of force" falls short of actual violence and ordinarily signifies a serious statement or act evidencing an intention to use force at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.  For a statement or action to be a threat, the statement or action must have been made under such circumstances that a reasonable person who heard or read the statement or was aware of the action would understand it as a serious expression of an intent to use force.  In addition, the defendant must have made the statement or taken the action intending it to be a threat, or with the knowledge that the statement or action would be viewed as a threat.

To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement or action was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard the statement or saw the action.

It is not necessary that the government prove that the defendant intended to carry out the threat or that she had the present ability to carry out the threat.  A threat may be conditional upon the defendant's ability to carry it out in the future.  The defendant's statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.

The term "physical obstruction" means rendering impassable an entrance to or an exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.  Physical obstruction requires that there be an actual obstruction.  That obstruction need not be permanent or entirely successful.  You may find that physical obstruction resulted even if patients or staff eventually reached the facility at issue.  However, actions that merely make the approach to a reproductive health facility unpleasant or even emotionally difficult, including yelling, are not prohibited.  The actual physical obstruction must make ingress or egress from the facility impassable, or render passage to or from such a facility unreasonably difficult or hazardous.

### 2.      Second Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)

The second element the government must prove beyond a reasonable doubt is that the defendant intentionally injured, intimidated, or interfered with employees of the Manhattan Planned Parenthood, who were and had been providing reproductive health services and patients of the Manhattan Planned Parenthood, who were and had been obtaining reproductive health services, or attempted to do so.

The term "intimidate" means to place a person in reasonable apprehension of bodily harm to himself or herself or to another.

The term "interfere with" means to restrict a person's freedom of movement.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.  You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

The Government need not prove that the intent to injure, intimidate, or interfere was the only intent of the defendant you are considering.  A defendant may have the required intent to injure, intimidate, or interfere even if the defendant was motivated by other lawful purposes as well.

### 3.      Third Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)

The third element the government must prove beyond a reasonable doubt is that the defendant acted as she did because employees of the Manhattan Planned Parenthood were or had been providing reproductive health services or patients of the Manhattan Planned Parenthood were or had been obtaining reproductive health services.

To satisfy this element, the government must prove that the defendant would not have acted but for employees of the Manhattan Planned Parenthood providing or having had provided reproductive health services, or but for patients of the Manhattan Planned Parenthood obtaining or

having had obtained reproductive health services.  Put another way, employees of the Manhattan Planned Parenthood providing or having had provided reproductive health services, or patients of the Manhattan Planned Parenthood obtaining or having had obtained reproductive health services, must have been a necessary motivation but not the sole motivation for the defendant's actions.

In determining whether the government has proved that the defendant acted as she did because a patient was obtaining or had obtained, or a clinic employee was providing or had provided, reproductive health services, you may consider statements made or language used by the defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the defendant's motives.

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

A provider of reproductive health services includes any staff member or volunteer escort who is an integral part of a business where reproductive health services are provided.  Escorts who assist patients or staff in gaining access to a facility are also considered providers of reproductive health services.  Individuals who protest or engage with non-patient individuals outside a reproductive health facility and are not an integral part of a business where reproductive health services are provided are not providers of reproductive health services.

### 4.      Fourth Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)

The fourth element the government must prove beyond a reasonable doubt is that the defendant's acts resulted in bodily injury.

22

The term "bodily injury" means any injury, no matter how temporary.  Injury includes physical pain as well as any cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

### E.      COUNT THREE: Clinic Access Obstruction (CHAVANNES)

**Count Three** of the Indictment is brought against Chavannes.  In order to prove Chavannes guilty of Count Three of the Indictment, the government must establish the following three elements beyond a reasonable doubt:

<u>First</u>, that Chavannes used threat of force or physical obstruction as alleged in the Indictment.

<u>Second</u>, that Chavannes intentionally injured, intimidated, or interfered with patients or employees of the Manhattan Planned Parenthood, or attempted to do so; and

<u>Third</u>, that Chavannes acted as she did because the employees of the Manhattan Planned Parenthood were and had been providing reproductive health services or the patients were and had been obtaining reproductive health services.

As to the first element, I have already instructed you on the definitions of "threat of force," and "physical obstruction," and you should apply those definitions here.

As to the second element, I have already instructed you on the definitions of "intimidate" and "interfere with," and you should apply those definitions here.

As to the third element, the instruction that I've provided to you for Count Two with respect to Williams, also applies to Count Three with respect to Chavannes, and you should apply that instruction here.

Count Three does not allege that Chavannes' conduct involved force or resulted in bodily injury to anyone, and thus, you are not required to make a finding as to bodily injury as to Count Three.

### F.    Aiding and Abetting

I next want to instruct you on the concept of aiding and abetting, including willfully causing.  In Counts Two and Three, the defendants are each charged with committing certain criminal acts but are also charged with aiding and abetting or willfully causing the commission of those acts by another person.  As to each of those crimes, the defendant can be convicted either if she committed the crime herself or if she aided and abetted or willfully caused the commission of the crime by one or more people.  It is not necessary for the government to show that the defendant herself physically committed a crime in order for you to find her guilty.  You may, under certain circumstances, find her guilty of the crime as an aider and abettor or as someone who willfully caused someone else to commit the crime.

Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of liability that permits a person to be convicted of a specified crime if the person, while not herself committing the crime, assisted another person or persons in committing the crime or willfully caused another person to commit the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  You should give these words their ordinary meaning.  A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move by persuasion or influence as to some action or state of

mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means to bring something about, to effect something.

A person who aids and abets another to commit an offense is just as guilty of that offense as if she had committed it herself.  Therefore, if you find that the government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that the crime charged was actually committed by someone.  Obviously, no one can be convicted of aiding and abetting a crime if no crime was committed.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated herself in some way with the crime and that she willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which she is charged, ask yourself these questions:

1. Did she participate in the crime charged as something she wished to bring about?

2. Did she associate herself with the criminal venture knowingly and willfully?

3. Did she seek by his actions to make the criminal venture succeed?

If she did, then the defendant is an aider and abettor, and therefore guilty of the offense. If she did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

Similarly, a defendant can be found guilty even if she did not herself commit the crime, if she willfully caused another person to commit the crime.  In considering whether the defendant willfully caused another person to commit a crime, ask yourself these questions:

1. Did the defendant intend for someone to commit the crime?

2. Did the defendant intentionally instruct another person to commit the criminal act?

If she did, then the defendant is guilty of the offense.  If she did not, then she is not guilty under this theory.

### G.    Attempt

In order to prove the charge of attempting to commit the crime of obstructing access to reproductive health services, the government must prove the following two elements beyond a reasonable doubt:

<u>First</u>, that the defendant intended to commit the crime; and

<u>Second</u>, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount of an attempt.  In order to convict a defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that she took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amount to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

**H.      COUNT ONE: Conspiracy – Elements (WILLIAMS AND CHAVANNES)**

Let's move to the last count of the Indictment -- Conspiracy to violate the Freedom of Access to Clinic Entrances Act. The relevant statute for Count One is Title 18, United States Code, Section 371, which provides that "if two or more people conspire [] to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy," each person is guilty of a federal crime.

To prove the defendant guilty of the crime of conspiracy charged in Count One, the government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, the existence of the conspiracy charged, that is, an agreement or understanding to violate certain laws of the United States;

<u>Second</u>, that the defendant you are considering knowingly and willfully became a member of that conspiracy;

<u>Third</u>, that any of the conspirators—not necessarily the defendant, but rather any member of the conspiracy—knowingly committed at least one action, known as an overt act, in furtherance of the conspiracy during the life of the conspiracy.

1.   **First Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)**

The first element as to Count One that the government must prove beyond a reasonable doubt is the existence of the conspiracy.  Simply defined, a conspiracy is an agreement by two or more persons to do something that violates the law.  In this instance, the unlawful purposes alleged to have been the objects of the conspiracy charged in Count One is the use of unlawful means—namely force, threats of force, and physical obstruction—to injure, intimidate and interfere with individuals seeking to obtain lawful reproductive health services and individuals providing such services, from at least in or about 2019, up to and including at least in or about 2022.

I have already reviewed the elements of that offense which are:

First, that a defendant or coconspirator used force, threat of force or physical obstruction as alleged in the Indictment.

Second, that a defendant or coconspirator intentionally injured, intimidated, or interfered with patients or employees of a facility providing reproductive health services, or attempted to do so.

Third, that a defendant or coconspirator acted as she did because the patients were and had been obtaining reproductive health services or the employees were and had been providing reproductive health services.

Fourth, bodily injury was reasonably foreseeable in the execution of the agreement.

The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crimes that are the object of the conspiracy, is not required.  The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crimes that may be the goal of the conspiracy.

28

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth all the details of the plans and the means by which the unlawful objects are to be carried out or the part to be played by each conspirator.

Indeed, it would be extraordinary if there were such a formal document or specific oral agreement. When people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. Since conspiracy, by its very nature, is characterized by secrecy, it is rare that a conspiracy can be proven by direct evidence of that explicit agreement. Thus, you may infer its existence from the circumstances and the conduct of the parties involved.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find that the defendant knowingly entered into the unlawful agreement alleged in Count One with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The saying "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts that, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

29

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

In order to establish the existence of the conspiracy you must find beyond a reasonable doubt, after considering all of the relevant evidence, that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

### 2.    Second Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)

The second element as to Count One that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly and willfully became a member of the conspiracy charged.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely—that is, a defendant's actions must have been her conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

In deciding whether the defendant was in fact a member of the conspiracy, you must consider whether the defendant knowingly and willfully joined the conspiracy intending to advance or achieve its goals. Did she participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

30

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of her own acts or statements as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them.  A defendant's knowledge is a matter of inference from the facts proved.  In that connection I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need she have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all the details or the scope of the conspiracy in order to justify an inference of knowledge on her part.  The defendant must, however, have agreed to participate in the conspiracy charged with knowledge of at least one of its objects.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful purpose or purposes.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### 3.       Third Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)

The third element is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in Count One of the Indictment, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators—not necessarily the defendant you are considering.

An overt act is any act intended to help achieve the object of the conspiracy.  An overt act itself, need not be a criminal act, but it must contribute to the goals of the conspiracy.

Count One of the Indictment contains a section entitled "overt acts."  These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy.  The overt acts alleged are as follows:

On or about June 19, 2020, in Manhattan, CHAVANNES threatened Victim-1 by leaning her body toward Victim-1 at close range, forcing Victim-1 against metal barricades outside the Health Center, while yelling "do not touch me" within inches of Victim-1's face.

On or about June 20, 2020, in Manhattan, WILLIAMS pressed her body against a Health Center door and crushed the hand of Victim-1 in the door, thereby resulting in bodily injury.

In or about January 2022, WILLIAMS and CHAVANNES directed other individuals to block health center entrances in Fort Myers, Florida.

In or about July 2022, WILLIAMS and CHAVANNES blocked patient access to a health center in Atlanta, Georgia, by standing inside the center's vestibule and yelled threatening comments to individuals believed to be health center patients.

However, you need not find that all of these overt acts occurred or that any of them did, and you may find overt acts were committed that are not alleged in the Indictment.  The only requirement is that one of the members of the conspiracy – again, not necessarily the defendant you are considering – has taken some step or action in furtherance of the conspiracy during the life of that conspiracy, regardless of whether that step is listed in the Indictment.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

As I noted, in order for the government to satisfy the overt act requirement, it is not necessary for the government to prove any or all of the overt acts alleged in the Indictment.  Nor do you need to find that the defendant herself committed any of the overt acts alleged.  It is sufficient for the government to show that one of the alleged co-conspirators knowingly committed some overt act in furtherance of the conspiracy.

You should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed, even if you do not all agree on which act or acts qualify.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

### 4. COUNT ONE – Liability for Acts and Declarations of Coconspirators

[If applicable]

With respect to the conspiracy charged in Count One of the Indictment, you will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the government claims, was also a confederate or co-conspirator of the defendants.

The reason for allowing this evidence to be received against a defendant has to do in part with the nature of the crime of conspiracy.  As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the Indictment, then, any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in that defendant's absence and without her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or

34

if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

### I.        Venue

In addition to all the elements of the charged crime that I have described for you, you must decide whether any act in furtherance of the charged crime occurred within the Southern District of New York.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.  Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

Venue must be examined separately for each count in the Indictment.  Venue on one count does not establish venue on another count, though if applicable, you may rely on the same evidence to establish venue on multiple counts.

As to the conspiracy count, the government need not prove that any crime was completed in this district or that the defendant or any of their coconspirators were physically present here. Rather, venue is proper in this district if any of the defendants or coconspirators caused any act or event to occur in this district in furtherance of the offense, and it was reasonably foreseeable to the defendant that you are considering that the act would take place in the Southern District of New York.

As to the substantive counts; that is, the non-conspiracy counts, the government again need not prove that any crime was completed in this district or that the defendant in question was physically present here.  Rather, venue is appropriate in this district provided that any act in furtherance of the essential conduct of the crime took place in the Southern District of New York.

I should note that on this issue the government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

## III.  DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charges in this case. You are about to go into the jury room and begin your deliberations. Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to Counts One, Two, and Three of the Indictment. I will now give you a few final instructions on those deliberations.

### A.  Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson. Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory. You are free to select any member as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.  Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present. A majority of jurors together is only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty, solely upon the basis of such evidence.  Unanimity is required with respect to each defendant on each count.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans.  You are judges — judges of the facts — not representatives of a constituency or cause.  Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

### C.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

**D.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**E.      Verdict Form**

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The form is not evidence in this case and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law that I've already given you.  And nothing in it replaces or modifies the instructions about the elements the government must prove beyond a reasonable doubt.

The form is meant only to assist you in recording your verdict, and ultimately, indicating your verdict and announcing it in court.  This will include your determination of whether each defendant is guilty or not guilty on each count.

In addition to rendering a verdict on whether a defendant has or has not been proven guilty, I am asking you to fill out special findings for Count Three.  If you found Chavannes guilty, I will then ask you to indicate whether you have found unanimously that threats of force were used by checking "Yes" or "No."

39

If you find Chavannes not guilty Count Three, you do not answer the questions in the special findings for that count.  You only answer it if you find her guilty.

Remember, all answers must be unanimous.

**F.      Return of Verdict**

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.   CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BEVELYN BEATTY WILLIAMS AND EDMEE CHAVANNES, <br><br> Defendants. | Case No. 22 cr. 684 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

### JURY INSTRUCTIONS

**TABLE OF CONTENTS**

I.      GENERAL INSTRUCTIONS ................................................................................ 1

    A.     Introductory Remarks ............................................................................. 1

    B.     Role of the Court ..................................................................................... 1

    C.     Role of the Jury ...................................................................................... 2

    D.     Role of Counsel ...................................................................................... 2

    E.     The Government as a Party ..................................................................... 3

    F.     Improper Considerations: Race, Religion, National Origin, Sex or Age ............... 4

    G.     Sympathy ................................................................................................ 4

    H.     Indictment is Not Evidence .................................................................... 5

    I.     Presumption of Innocence and Burden of Proof .................................... 5

    J.     Reasonable Doubt .................................................................................. 5

    K.     What Is and Is Not Evidence .................................................................. 6

    L.     Evidence Obtained Pursuant to Searches ............................................... 8

    M.     Particular Investigative Techniques Not Required ................................ 8

    N.     Direct and Circumstantial Evidence ...................................................... 9

    O.     Witness Credibility .............................................................................. 10

    P.     Defendants' Right not to Testify .......................................................... 12

    Q.     Law Enforcement and Witnesses ......................................................... 12

    R.     Uncalled Witnesses – Equally Available ............................................. 13

    S.     Persons Not on Trial ............................................................................ 13

    T.     Punishment is Not to be Considered by the Jury ................................. 13

    U.     Preparation of Witnesses ..................................................................... 14

    V.     Stipulations .......................................................................................... 14

II.     INSTRUCTIONS ON THE CHARGES AGAINST THE DEFENDANTS ................... 15

    A.     The Indictment ..................................................................................... 15

    B.     Conspiracy and Substantive Counts Overview .................................... 16

    C.     COUNT TWO AND COUNT THREE – Clinic Access Obstruction Statute ...... 17

    D.     COUNT TWO: Clinic Access Obstruction – Elements (WILLIAMS) ............... 18

         1.     First Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ....... 18

         2.     Second Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ....... 20

         3.     Third Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ....... 21

**Court Exhibit 6**

    4.    Fourth Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS) ................................................................................. 22

E.    COUNT THREE: Clinic Access Obstruction (CHAVANNES) ......................... 22

F.    Aiding and Abetting ............................................................................................. 23

G.    Attempt ................................................................................................................. 25

H.    COUNT ONE: Conspiracy – Elements (WILLIAMS AND CHAVANNES) ..... 26

    1.    First Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES) ............................................................................... 27

    2.    Second Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES) ............................................................................... 30

    3.    Third Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES) ............................................................................... 31

    4.    COUNT ONE – Liability for Acts and Declarations of Coconspirators .. 33

I.    Venue ................................................................................................................... 34

III.    DELIBERATIONS OF THE JURY ............................................................................. 35

A.    Selection and Duties of Foreperson ..................................................................... 36

B.    Duty to Deliberate; Unanimous Verdict .............................................................. 36

C.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 38

D.    Notes .................................................................................................................... 38

E.    Verdict Form ........................................................................................................ 39

F.    Return of Verdict ................................................................................................. 39

IV.    CONCLUSION .......................................................................................................... 40

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issues of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charges against the defendants.  Third, I'll give you some final instructions about procedures and deliberations.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law.  Do not speculate or rely on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an

objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing at what are called "side bars."  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to each defendant, who is charged with a crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

### F.      Improper Considerations: Race, Religion, National Origin, Sex or Age

In reaching decision as to whether the government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about a defendant's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.  The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be equally improper for you to allow any personal feelings or views you might have about the nature of the crime charged to interfere with your decision-making process.  You should also not permit your personal religious or political beliefs, if any, to impact your decision in this case in any way.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

### G.      Sympathy

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendants beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendants are guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge

you.  It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.    Indictment is Not Evidence

The defendants are charged with various crimes about which I will instruct you shortly. Each charge is called a "count."  I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.

### I.    Presumption of Innocence and Burden of Proof

Each defendant has pleaded not guilty to the charges in the indictment.  To convict a defendant, the burden is on the prosecution to prove that defendant's guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

### J.    Reasonable Doubt

Since, in order to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt?

The words almost define themselves.  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against her, you must find the defendant not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against the defendant, you should find the defendant guilty of that charge.

### K.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

The government has presented demonstrative exhibits in the form of transcripts of some of the videos presented.  These transcripts were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the admitted videos upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these transcripts than you would give to the evidence upon which they are based.

It is for you to decide whether the transcripts correctly present the information contained in the testimony on which they are based.  You are entitled to consider the transcripts if you find that they are of assistance to you in analyzing and understanding the evidence.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summary of a witness's testimony as evidence.  It is the witnesses' answers to those

questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### L.   Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the defendants' guilt beyond a reasonable doubt.

### M.   Particular Investigative Techniques Not Required

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that the law enforcement investigate crimes in a particular way or that the government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendants has been proven beyond a reasonable doubt.

**N.      Direct and Circumstantial Evidence**

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as

what a person was thinking or intending – are not as easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendants beyond a reasonable doubt before you may convict.

### O.     Witness Credibility

It must be clear to you by now that the government and the defendants are asking you to draw very different conclusions about various factual issues in the case.  Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendants that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### P.    Defendants' Right not to Testify

The defendants, Bevelyn Beatty Williams and Edmee Chavannes, did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that she is innocent.

You must not attach any significance to the fact that a given defendant did not testify.  No adverse inference against a defendant may be drawn by you because she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

### Q.    Law Enforcement and Witnesses

You have heard the testimony from former law enforcement witnesses.  The fact that a witness may have been employed by a federal, state, or city government does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a former law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony the weight you find it deserves.

### R.      Uncalled Witnesses – Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

### S.      Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial from the fact that any person in addition to the defendants is not on trial here.

You also may not speculate as to the reasons why other persons are not on trial.  These matters are wholly outside your concern and have no bearing on your functions as jurors.

### T.      Punishment is Not to be Considered by the Jury

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the

punishment that may be imposed upon the defendants, if the defendants are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

### U.     Preparation of Witnesses

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them here. In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### V.     Stipulations

In this case you have heard evidence in the form of stipulations. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed upon facts as true.

You have also heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, a person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given to that testimony.

## II.   INSTRUCTIONS ON THE CHARGES AGAINST THE DEFENDANTS

I will turn now to my instructions on the law to be applied to this case with respect to the particular charges brought against the defendants.

### A.   The Indictment

The defendants, BEVELYN BEATTY WILLIAMS and EDMEE CHAVANNES, have been formally charged in what is called an Indictment.  You have heard reference to Bevelyn Beatty during the trial; the parties stipulate or agree that Bevelyn Beatty is defendant Bevelyn Beatty Williams.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  It creates no presumption, and it permits no inference that a defendant is guilty.  You are to give no weight to the fact that an Indictment has been returned against the defendants.

The Indictment in this case contains three counts.

Count One of the Indictment charges both Williams and Chavannes with conspiring to use unlawful means—including force, threats of force, and physical obstruction—to injure, intimidate and interfere with individuals seeking to obtain lawful reproductive health services and individuals providing such services, from at least in or about 2019, up to and including at least in or about 2022, in violation of Title 18, United States Code, Section 371.

Count Two of the Indictment charges Williams with, on or about June 19, 2020 and June 20, 2020, using force, threats of force, and physical obstruction to injure, intimidate and interfere with individuals seeking to obtain lawful reproductive health services and individuals providing such services at a Planned Parenthood in Manhattan, New York, which I will refer to as the "Manhattan Planned Parenthood."

15

Count Three of the Indictment charges Chavannes with, on or about June 19, 2020 and June 20, 2020, using threats of force and physical obstruction to injure, intimidate and interfere with individuals seeking to obtain lawful reproductive health services and individuals providing such services at the Manhattan Planned Parenthood.

You must consider each count and each defendant separately, and you must return a separate verdict of guilty or not guilty for each count and for each defendant. Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

The Indictment in this case refers to various dates. The government is not required to prove that the conduct took place on the precise dates alleged in the Indictment. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

### B.      Conspiracy and Substantive Counts Overview

As I have told you, Count One charges Williams and Chavannes with the crime of conspiracy. The other counts—Counts Two and Three—charge what we call substantive crimes.

The crime of conspiracy is different from a substantive crime. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish some unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. A substantive count, on the other hand, charges a defendant with the actual commission or attempted commission, or with causing someone else to engage in certain actions necessary for the actual commission, of an offense. A substantive offense therefore can be committed by a single person. It need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an objective of a conspiracy. And since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime that was the objective of the conspiracy was ever actually committed. In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not established or accomplished. Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed. By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

For the sake of convenience, in organizing my instructions to you, we will turn first to the substantive charges in the Indictment and then I will instruct you on Count One, which is the conspiracy count.

### C.    COUNT TWO AND COUNT THREE – Clinic Access Obstruction Statute

The Indictment charges Williams and Chavannes with violating the Freedom of Access to Clinic Entrances (FACE), in violation of Title 18, United States Code, Sections 248(a)(1). That section provides:

Whoever—

> (1) By force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of person from, obtaining or providing reproductive health services [is guilty of a crime].

18 U.S.C. § 248(a)(1).

17

D.      **COUNT TWO: Clinic Access Obstruction – Elements (WILLIAMS)**

The Court will first instruct you with respect to **Count Two**, a charge that has been

brought against Williams.

In order to prove Williams guilty of Count Two of the Indictment, the government must

establish the following four elements beyond a reasonable doubt:

<u>First</u>, that Williams used force, threat of force, or physical obstruction as alleged in the

Indictment;

<u>Second</u>, that Williams intentionally injured, intimidated, or interfered with patients or

employees of the Manhattan Planned Parenthood, or attempted to do so; and

<u>Third</u>, that Williams acted as she did because the employees of the Manhattan Planned

Parenthood were and had been providing reproductive health services or the patients were and

had been obtaining reproductive health services.

<u>Fourth</u>, that Williams's conduct resulted in bodily injury.

1.      **First Element of COUNT TWO: Clinic Access Obstruction
        (WILLIAMS)**

The first element the government must establish beyond a reasonable doubt is that on the

date set forth in the Indictment, the defendant used force, threats of force, or physical

obstruction.

The term "<u>force</u>" includes the exercise and application of physical power, violence or

pressure directed at a person or thing.  Force in this context is not limited to violence or

assaultive force, and there is no exception for fleeting or *de minimis* contact.

The term "<u>threat of force</u>" means precisely what the term implies—namely, threat, by

either words or gestures, to inflict some harm.  Nonverbal conduct may communicate a threat.

While "force" requires some physical manifestation of violence, a "threat of force" falls short of

18

actual violence and ordinarily signifies a serious statement or act evidencing an intention to use force at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.  For a statement or action to be a threat, the statement or action must have been made under such circumstances that a reasonable person who heard or read the statement or was aware of the action would understand it as a serious expression of an intent to use force.  In addition, the defendant must have made the statement or taken the action intending it to be a threat, or with the knowledge that the statement or action would be viewed as a threat.

To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement or action was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard the statement or saw the action.

It is not necessary that the government prove that the defendant intended to carry out the threat or that she had the present ability to carry out the threat.  A threat may be conditional upon the defendant's ability to carry it out in the future.  The defendant's statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.

The term "physical obstruction" means rendering impassable an entrance to or an exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.  Physical obstruction requires that there be an actual obstruction.  That obstruction need not be permanent or entirely successful.  You may find that physical obstruction resulted even if patients or staff eventually reached the facility at issue. However, actions that merely make the approach to a reproductive health facility unpleasant or even emotionally difficult, including yelling, are not prohibited.  The actual physical obstruction

must make ingress or egress from the facility impassable, or render passage to or from such a facility unreasonably difficult or hazardous.

### 2. Second Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)

The second element the government must prove beyond a reasonable doubt is that the defendant intentionally injured, intimidated, or interfered with employees of the Manhattan Planned Parenthood, who were and had been providing reproductive health services and patients of the Manhattan Planned Parenthood, who were and had been obtaining reproductive health services, or attempted to do so.

The term "intimidate" means to place a person in reasonable apprehension of bodily harm to himself or herself or to another.

The term "interfere with" means to restrict a person's freedom of movement.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

The Government need not prove that the intent to injure, intimidate, or interfere was the only intent of the defendant you are considering.  A defendant may have the required intent to injure, intimidate, or interfere even if the defendant was motivated by other lawful purposes as well.

### 3.   Third Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)

The third element the government must prove beyond a reasonable doubt is that the defendant acted as she did because employees of the Manhattan Planned Parenthood were or had been providing reproductive health services or patients of the Manhattan Planned Parenthood were or had been obtaining reproductive health services.

To satisfy this element, the government must prove that the defendant would not have acted but for employees of the Manhattan Planned Parenthood providing or having had provided reproductive health services, or but for patients of the Manhattan Planned Parenthood obtaining or having had obtained reproductive health services.  Put another way, employees of the Manhattan Planned Parenthood providing or having had provided reproductive health services, or patients of the Manhattan Planned Parenthood obtaining or having had obtained reproductive health services, must have been a necessary motivation but not the sole motivation for the defendant's actions.

In determining whether the government has proved that the defendant acted as she did because a patient was obtaining or had obtained, or a clinic employee was providing or had provided, reproductive health services, you may consider statements made or language used by the defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the defendant's motives.

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

21

A provider of reproductive health services includes any staff member or volunteer escort who is an integral part of a business where reproductive health services are provided. Escorts who assist patients or staff in gaining access to a facility are also considered providers of reproductive health services. Individuals who protest or engage with non-patient individuals outside a reproductive health facility and are not an integral part of a business where reproductive health services are provided are not providers of reproductive health services.

4.   **Fourth Element of COUNT TWO: Clinic Access Obstruction (WILLIAMS)**

The fourth element the government must prove beyond a reasonable doubt is that the defendant's acts resulted in bodily injury.

The term "bodily injury" means any injury, no matter how temporary. Injury includes physical pain as well as any cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

E.   **COUNT THREE: Clinic Access Obstruction (CHAVANNES)**

**Count Three** of the Indictment is brought against Chavannes. In order to prove Chavannes guilty of Count Three of the Indictment, the government must establish the following three elements beyond a reasonable doubt:

First, that Chavannes used threat of force or physical obstruction as alleged in the Indictment.

Second, that Chavannes intentionally injured, intimidated, or interfered with patients or employees of the Manhattan Planned Parenthood, or attempted to do so; and

Third, that Chavannes acted as she did because the employees of the Manhattan Planned Parenthood were and had been providing reproductive health services or the patients were and had been obtaining reproductive health services.

As to the first element, I have already instructed you on the definitions of "threat of force," and "physical obstruction," and you should apply those definitions here.

As to the second element, I have already instructed you on the definitions of "intimidate" and "interfere with," and you should apply those definitions here.

As to the third element, the instruction that I've provided to you for Count Two with respect to Williams, also applies to Count Three with respect to Chavannes, and you should apply that instruction here.

Count Three does not allege that Chavannes' conduct involved force or resulted in bodily injury to anyone, and thus, you are not required to make a finding as to bodily injury as to Count Three.

### F.    Aiding and Abetting

I next want to instruct you on the concept of aiding and abetting, including willfully causing.  In Counts Two and Three, the defendants are each charged with committing certain criminal acts but are also charged with aiding and abetting or willfully causing the commission of those acts by another person.  As to each of those crimes, the defendant can be convicted either if she committed the crime herself or if she aided and abetted or willfully caused the commission of the crime by one or more people.  It is not necessary for the government to show that the defendant herself physically committed a crime in order for you to find her guilty.  You may, under certain circumstances, find her guilty of the crime as an aider and abettor or as someone who willfully caused someone else to commit the crime.

Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory

of liability that permits a person to be convicted of a specified crime if the person, while not herself committing the crime, assisted another person or persons in committing the crime or willfully caused another person to commit the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

A person who aids and abets another to commit an offense is just as guilty of that offense as if she had committed it herself. Therefore, if you find that the government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that the crime charged was actually committed by someone. Obviously, no one can be convicted of aiding and abetting a crime if no crime was committed. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated herself in some way with the crime and that she willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which she is charged, ask yourself these questions:

1. Did she participate in the crime charged as something she wished to bring about?

2. Did she associate herself with the criminal venture knowingly and willfully?

3. Did she seek by his actions to make the criminal venture succeed?

If she did, then the defendant is an aider and abettor, and therefore guilty of the offense. If she did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

Similarly, a defendant can be found guilty even if she did not herself commit the crime, if she willfully caused another person to commit the crime. In considering whether the defendant willfully caused another person to commit a crime, ask yourself these questions:

1. Did the defendant intend for someone to commit the crime?

2. Did the defendant intentionally instruct another person to commit the criminal act?

If she did, then the defendant is guilty of the offense. If she did not, then she is not guilty under this theory.

## G.    Attempt

In order to prove the charge of attempting to commit the crime of obstructing access to reproductive health services, the government must prove the following two elements beyond a

reasonable doubt:

> First, that the defendant intended to commit the crime; and

> Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount of an attempt.  In order to convict a defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that she took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amount to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

### H.    COUNT ONE: Conspiracy – Elements (WILLIAMS AND CHAVANNES)

Let's move to the last count of the Indictment -- Conspiracy to violate the Freedom of Access to Clinic Entrances Act.  The relevant statute for Count One is Title 18, United States Code, Section 371, which provides that "if two or more people conspire [] to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy," each person is guilty of a federal crime.

To prove the defendant guilty of the crime of conspiracy charged in Count One, the government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, the existence of the conspiracy charged, that is, an agreement or understanding to violate certain laws of the United States;

<u>Second</u>, that the defendant you are considering knowingly and willfully became a member of that conspiracy;

<u>Third</u>, that any of the conspirators—not necessarily the defendant, but rather any member of the conspiracy—knowingly committed at least one action, known as an overt act, in furtherance of the conspiracy during the life of the conspiracy.

### 1.    First Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)

The first element as to Count One that the government must prove beyond a reasonable doubt is the existence of the conspiracy. Simply defined, a conspiracy is an agreement by two or more persons to do something that violates the law. In this instance, the unlawful purposes alleged to have been the objects of the conspiracy charged in Count One is the use of unlawful means—namely force, threats of force, and physical obstruction—to injure, intimidate and interfere with individuals seeking to obtain lawful reproductive health services and individuals providing such services, from at least in or about 2019, up to and including at least in or about 2022.

I have already reviewed the elements of that offense which are:

First, that a defendant or coconspirator used force, threat of force or physical obstruction as alleged in the Indictment.

Second, that a defendant or coconspirator intentionally injured, intimidated, or interfered with patients or employees of a facility providing reproductive health services, or attempted to do so.

Third, that a defendant or coconspirator acted as she did because the patients were and had been obtaining reproductive health services or the employees were and had been providing reproductive health services.

Fourth, bodily injury was reasonably foreseeable in the execution of the agreement.

The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law. Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crimes that are the object of the conspiracy, is not required. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crimes that may be the goal of the conspiracy.

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth all the details of the plans and the means by which the unlawful objects are to be carried out or the part to be played by each conspirator.

Indeed, it would be extraordinary if there were such a formal document or specific oral agreement. When people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. Since conspiracy, by its very nature, is characterized by secrecy, it is rare that a conspiracy can be proven by direct evidence of that explicit agreement. Thus, you may infer its existence from the circumstances and the conduct of the parties involved.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the

conspiracy in order to find that a conspiracy existed.  You need only find that the defendant knowingly entered into the unlawful agreement alleged in Count One with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The saying "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts that, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

In order to establish the existence of the conspiracy you must find beyond a reasonable doubt, after considering all of the relevant evidence, that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

### 2.   Second Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)

The second element as to Count One that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly and willfully became a member of the conspiracy charged.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely—that is, a defendant's actions must have been her conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

In deciding whether the defendant was in fact a member of the conspiracy, you must consider whether the defendant knowingly and willfully joined the conspiracy intending to advance or achieve its goals.  Did she participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of her own acts or statements as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them.  A defendant's knowledge is a matter of inference from the facts proved.  In that connection I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need she have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all the details or the scope of the conspiracy in order to justify an inference of knowledge on her part.  The defendant must, however, have agreed to participate in the conspiracy charged with knowledge of at least one of its objects.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.

Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful purpose or purposes.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### 3.      Third Element – COUNT ONE: Conspiracy (WILLIAMS and CHAVANNES)

The third element is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in Count One of the Indictment, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators—not necessarily the defendant you are considering.

An overt act is any act intended to help achieve the object of the conspiracy.  An overt act itself, need not be a criminal act, but it must contribute to the goals of the conspiracy.

Count One of the Indictment contains a section entitled "overt acts."  These "overt acts"

are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy.  The overt acts alleged are as follows:

> On or about June 19, 2020, in Manhattan, CHAVANNES threatened Adrienne Verrilli by leaning her body toward Verrilli at close range, forcing Verrilli against metal barricades outside the Health Center, while yelling "do not touch me" within inches of Verrilli's face.

> On or about June 20, 2020, in Manhattan, WILLIAMS pressed her body against a Health Center door and crushed the hand of Adrienne Verrilli in the door, thereby resulting in bodily injury.

> In or about January 2022, WILLIAMS and CHAVANNES directed other individuals to block health center entrances in Fort Myers, Florida.

> In or about July 2022, WILLIAMS and CHAVANNES blocked patient access to a health center in Atlanta, Georgia, by standing inside the center's vestibule and yelled threatening comments to individuals believed to be health center patients.

However, you need not find that all of these overt acts occurred or that any of them did, and you may find overt acts were committed that are not alleged in the Indictment.  The only requirement is that one of the members of the conspiracy – again, not necessarily the defendant you are considering – has taken some step or action in furtherance of the conspiracy during the life of that conspiracy, regardless of whether that step is listed in the Indictment.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

As I noted, in order for the government to satisfy the overt act requirement, it is not necessary for the government to prove any or all of the overt acts alleged in the Indictment.  Nor do you need to find that the defendant herself committed any of the overt acts alleged.  It is sufficient for the government to show that one of the alleged co-conspirators knowingly

committed some overt act in furtherance of the conspiracy.

You should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed, even if you do not all agree on which act or acts qualify.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

### 4.    COUNT ONE – Liability for Acts and Declarations of Coconspirators

With respect to the conspiracy charged in Count One of the Indictment, you will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the government claims, was also a confederate or co-conspirator of the defendants.

The reason for allowing this evidence to be received against a defendant has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are

deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the Indictment, then, any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in that defendant's absence and without her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

### I.    Venue

In addition to all the elements of the charged crime that I have described for you, you must decide whether any act in furtherance of the charged crime occurred within the Southern District of New York.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.  Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

Venue must be examined separately for each count in the Indictment.  Venue on one count does not establish venue on another count, though if applicable, you may rely on the same evidence to establish venue on multiple counts.

As to the conspiracy count, the government need not prove that any crime was completed in this district or that the defendant or any of their coconspirators were physically present here. Rather, venue is proper in this district if any of the defendants or coconspirators caused any act or event to occur in this district in furtherance of the offense, and it was reasonably foreseeable to the defendant that you are considering that the act would take place in the Southern District of New York.

As to the substantive counts; that is, the non-conspiracy counts, the government again need not prove that any crime was completed in this district or that the defendant in question was physically present here. Rather, venue is appropriate in this district provided that any act in furtherance of the essential conduct of the crime took place in the Southern District of New York.

I should note that on this issue the government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

## III.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charges in this case. You are about to go into the jury room and begin your deliberations. Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to Counts One, Two, and Three of the Indictment. I will now give you a few final instructions on those deliberations.

### A.       Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.       Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty, solely upon the basis of such evidence.  Unanimity is required with respect to each defendant on each count.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans.  You are judges — judges of the facts — not representatives of a constituency or cause.  Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict, whether guilty or not guilty, must be unanimous.

**C.      Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.  Please make any notes as clear and precise as possible.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

**D.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.   Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. The form is not evidence in this case and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law that I've already given you. And nothing in it replaces or modifies the instructions about the elements the government must prove beyond a reasonable doubt.

The form is meant only to assist you in recording your verdict, and ultimately, indicating your verdict and announcing it in court. This will include your determination of whether each defendant is guilty or not guilty on each count.

In addition to rendering a verdict on whether a defendant has or has not been proven guilty, I am asking you to fill out special findings for Count Three. If you found Chavannes guilty, I will then ask you to indicate whether you have found unanimously that threats of force were used by checking "Yes" or "No."

If you find Chavannes not guilty of Count Three, you do not answer the question in the special findings for that count. You only answer it if you find her guilty.

Remember, all answers must be unanimous.

### F.   Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.    CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

2/22/24
9:57 AM

## Count 2 (Williams)

Does defendant have to be found guilty of all 4 elements, including bodily injury, to be guilty of Clinic Access Obstruction? ~~In other words,~~

So, if element 4 is not met, ~~does~~ must the Williams defendant be found not guilty of count 2 while Chavannes can be guilty of count 3 without a finding bodily injury?

EXHIBIT
7
2/22/2024

1. Could we have the black binders with the video transcripts written?

2. Could we have assistance with the Quicktime videos on the laptop because they are not playing properly?

Thanks You!! :)

EXHIBIT
8
2/22/2024

The transcript binders are not in evidence and therefore they cannot be provided to the jury. The transcripts were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.

The laptop has been adjusted and should play properly.



EXHIBIT

9

2/22/2024

PENGAD-Bayonne, N. J.



① ~~~~ The quick time videos are still not playing on our laptop, please give us some assistance to play the following videos if possible.

~~Thanks~~

② Also, juror #2 ~~feels~~ says that she doesn't feel good and she feels ~~she~~ that she cannot continue being a juror anymore.

EXHIBIT
10
2/22/2024
PENGAD-Bayonne, N.J.

The Jury request:

\* Video Transcripts

\* Assistance with Laptop/Tech
    (Quicktime video files wont
        ~~MP4 Video files~~
        Play on device)

GX 111 - 114          DX D
GX 117 - 118          DX E
GX 121                DX F
GX 125
GX 163
GX 166
GX 171 - 175
GX 181
GX 184
GX 188
GX ~~201~~ 233

EXHIBIT
11
2/22/2024

To Open Videos on VLC Player if they don't open up automatically:

1) Open the VLC player application by double clicking the icon that looks like a traffic cone (it might be inside the subfolder, "VLC Media" within the DX/GX folders – it should be one of the last items in the folder)



vlc.exe                                                3/24/2022 5:10 AM                    Application

2) Once the application opens, a black screen with a traffic cone should pop up



3) Drag the video file you want to play on top of the black pop up screen and the video should play

4) Keep the black pop up screen open and continue to drag whatever files you want to play on to it after the first one has finished playing



EXHIBIT
12
2/22/2024

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v.-

BEVELYN BEATTY WILLIAMS and
EDMEE CHAVANNES,

                Defendants.

Case No. 22-cr-00684 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## VERDICT FORM



EXHIBIT

13
2/22/2024

PENGAD-Bayonne, N.J.

i

**Court Exhibit 5**

**Please indicate each of your verdicts with a check mark (✓). Remember, all jurors must agree unanimously to the answers to each question.**

<u>**COUNT ONE: Conspiracy**</u>

    1.  How do you find the defendant Bevelyn Beatty Williams with respect to Count One?

          Guilty _____          Not Guilty ✓

    2.  How do you find the defendant Edmee Chavannes with respect to Count One?

          Guilty _____          Not Guilty ✓

<u>**COUNT TWO: Clinic Access Obstruction (Williams)**</u>

    3.  How do you find the defendant Bevelyn Beatty Williams with respect to Count Two?

          Guilty ✓          Not Guilty _____

<u>**COUNT THREE: Clinic Access Obstruction (Chavannes)**</u>

    4.  How do you find the defendant Edmee Chavannes with respect to Count Three?

          Guilty _____          Not Guilty ✓

*If you answered Guilty to Question 4, proceed to Question 5.*
*If you answered Not Guilty to Question 4, do not answer Question 5.*

    5.  If you found the defendant Edmee Chavannes guilty of Count Three, do you find that threats of force were used:

          Yes _____          No _____

*(Please proceed to the last page, page 2)*

1

Court Exhibit 5

**Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal that you have reached a verdict and are ready to return to the courtroom for the announcement of the verdict.



Dated: ███████████  02/22/2024

2